**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL ACTION NO. 3:05CR-33-JHM**

**CHRISTOPHER J. SHRADER**                                         **MOVANT/DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**                                       **RESPONDENT/PLAINTIFF**

**MEMORANDUM OPINION**

Movant/Defendant Christopher J. Shrader filed a *pro se* letter (DN 51) seeking relief

under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), wherein the Supreme Court

held that the "residual clause" of the Armed Career Criminal Act is void for vagueness in

violation of the Fifth Amendment.  The Court recharacterized the letter as a motion to vacate, set

aside or correct the sentence under 28 U.S.C. § 2255 (DNs 53 and 54).

This matter is now before the Court on a notice received from the Sixth Circuit Court of

Appeals (DN 55).  That notice indicates that Shrader filed a *pro se* motion in the Sixth Circuit

seeking authorization under 28 U.S.C. § 2244 to file a second or successive motion to vacate, set

aside or correct his sentence under § 2255.  The Sixth Circuit denied the motion finding that

Shrader had not made a prima facie showing that he is entitled to relief under *Johnson*.

Because the Sixth Circuit denied Shrader's motion seeking authorization to file a second

or successive § 2255 motion, the Court must dismiss the instant § 2255 motion for lack of

jurisdiction.

Accordingly, the § 2255 motion will be dismissed by separate Order.

## CERTIFICATE OF APPEALABILITY

In the event that Shrader appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further.  *Id.* at 484.  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:     January 13, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Movant/Defendant, *pro se*
        U.S. Attorney
4414.010

2